[No. 7524.  Decided January 16, 1909.]

LIZZIE C. BAKER, *Respondent*, v. HERBERT E. ROBBINS *et al.*, *Appellants.*[1]

SALES—RESCISSION BY VENDEE—BREACH OF WARRANTY.  The rule that an executed contract of sale cannot be rescinded for breach of warranty does not obtain where the warranty was fraudulently and deceitfully made.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS BELOW.  The objection that there can be no rescission of a contract for breach of warranty cannot be raised for the first time in the supreme court, nor where an instruction to that effect was not excepted to in the court below.

TENDER — EVIDENCE — QUESTION FOR JURY.  The sufficiency of a tender is for the jury, where there was evidence of an informal tender from which the jury might well conclude that a more formal tender would be vain and useless.

SALES—RESCISSION BY VENDEE—FRAUD—WAIVER.  The purchaser of a horse does not waive his right to rescind the sale for fraud by use of the horse after attempted rescission, where such use was merely to give necessary exercise and keep the horse in condition.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 4, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Cooley & Horan,* for appellants.
*Hulbert & Husted,* for respondent.

RUDKIN, C. J.—This action was instituted to recover the purchase price of a horse, after a rescission of the contract of sale for breach of warranty.  From a judgment in favor of the plaintiff, the defendants have appealed.

But two errors are assigned; viz., error in overruling a motion for nonsuit, and error in overruling a motion for new trial.  Under these assignments the appellants contend:  (1)

[1]Reported in 99 Pac. 1.

That an executed contract of sale cannot be rescinded, in the absence of fraud, for a mere breach of warranty; (2) that no sufficient tender was made to effect a rescission; and, (3) that the right of rescission was waived by the conduct of the respondent and her husband. The weight of authority seems to sustain the first contention made by the appellants, but we do not think the rule should obtain in this case for two reasons. First, because the complaint alleged that the warranty was fraudulently and deceitfully made; and second, because the question of the right to rescind for a mere breach of warranty was not raised in the court below. Where the representation or warranty is fraudulently made the authorities all agree that the contract of sale may be rescinded, and a fraudulent warranty was alleged in this case. If the jury were justified in finding that a warranty was given, we think they were equally justified in finding that it was made with full knowledge of its falsity. Again, the only objections urged in support of the nonsuit were insufficiency of the tender and the question of waiver. The court instructed the jury that the contract of sale might be rescinded for a mere breach of warranty, and this instruction was not excepted to. We are therefore of opinion that the first contention is untenable.

We also agree with the trial court that the question of the sufficiency of the tender and the question of waiver were for the jury. While the tender testified to by the respondent was somewhat informal, yet we think the jury might well conclude that a further or more formal tender would be vain and useless in view of the acts and conduct of the appellants.

The claim of waiver was based upon the fact that the respondent and his wife had used the horse after the attempted rescission of the contract of sale. There was testimony tending to show that such use was not as owner, but merely to give the horse necessary exercise and keep him in proper condition, and such use would not, as a matter of law, constitute a waiver of the right to rescind. All questions of fact in the

case were submitted to the jury under proper instructions, which were not excepted to, and their verdict is conclusive upon this court.

The judgment is therefore affirmed.

FULLERTON, CROW, and MOUNT, JJ., concur.